The Honorable Jeremy Hutchinson State Representative 718 Parliament Street Little Rock, Arkansas 72211-2046
Dear Representative Hutchinson:
I am writing in response to your request for an opinion on the following questions:
 May an Arkansas state legislator donate some or all of his expense allowance to charity (that is, without violating any legal or ethical rules)? Similarly, may a candidate for the state legislature legally and ethically make a campaign promise, if elected, to donate some or all of his expense allowance to charity?
RESPONSE
I can find no prohibition against the conduct you describe, assuming the legislator in question will first receive the reimbursed amounts and then personally donate the amounts to charity. In my opinion legal and practical problems would result from having the State directly forward the appropriated amounts to charity. In addition, consultation with the Arkansas Ethics Commission is advisable with regard to any possible violation of the ethical statutes or rules under its jurisdiction.
Question 1 — May an Arkansas state legislator donate some or all of hisexpense allowance to charity (that is, without violating any legal orethical rules)?
As an initial matter, I assume you are referring to the amounts allocated for reimbursable expenses at A.C.A. § 10-2-212. The Arkansas Constitution, Amendment 70, § 1(b) sets the salaries of members of the General Assembly and provides that:
 . . . no member of the General Assembly shall receive any other income for service in the General Assembly, whether in the form of salaries or expenses, including but not limited to, public relations funds. Provided further, that no member of the General Assembly shall be entitled to per diem unless authorized by law, or to reimbursement for expenses or mileage unless authorized by law, documented, and reasonably related to their official duties.
Section 10-2-212 of the Arkansas Code authorizes the Senate Efficiency Committee (for members of the Senate) and the Speaker of the House of Representatives (for members of the House), to establish the method of reimbursement for ordinary and necessary expenses incurred in the performance of the members duties and the amount of per diem and mileage reimbursement to be paid such members. See A.C.A. § 10-2-212 (a)(2) and (b)(2)(A) (Repl. 2002). Subsections (c) and (d)(1) of this statute provide as follows:
 (c) Except as otherwise provided by law, the maximum amount of reimbursement for legislative expenses incurred by members of the General Assembly shall be, at the option of each member, either five thousand eight hundred twenty dollars ($5,820) per year, six thousand five hundred forty dollars ($6540) per year, or nine thousand six hundred dollars ($9,600) per year.
 (d)(1) Any member of the General Assembly may elect not to receive per diem and mileage payments for attending legislative sessions and for attending legislative activities and in lieu thereof be reimbursed up to an additional six thousand eight hundred dollars ($6,800) per year.
Although I am somewhat uncertain as to the scope of your question, I assume your question refers to some or all of the amounts authorized by the above statute. The reimbursement of expenses and the payment of mileage and per diem is also authorized by the appropriation acts authorizing state officials to expend the funds. See e.g., Act 2 of 2005, § 1; Act 3 of 2005, §§ 2, 3, 8 and 9; Act 849 of 2005, § 10; and Act 2100 of 2005, §§ 5 and 12.
I can find no prohibition against a member of the Arkansas General Assembly donating the amounts authorized above to charity. This conclusion assumes, however, that the member actually receives the reimbursed amounts and then donates the amount to a charity of his or her choosing.[1] Legal and practical problems would result if the disbursing officers for the appropriations listed above paid the amounts directly to a charity rather than to the General Assembly member. The various appropriations dictate the purpose for which the funds may be expended. See e.g., Act 3 of 2005, §§ 8 and 9 (stating that the appropriations authorized in Sections 2 and 3 of the act "shall be used for making reimbursements for interim expenses incurred by members . . ." of the House and Senate, respectively). The payment of the appropriated amounts to charitable organizations is not authorized by the appropriations. This conclusion is compelled by the provisions of Arkansas Constitution, art. 16, § 12, which states that "[n]o money shall be paid out of the treasury until the same shall have been appropriated by law; and then only in accordance with said appropriation."
In my opinion, however, there is no provision of law prohibiting a legislator, once he or she receives the reimbursed amounts, from donating the sums to a charity of his or her choice and essentially personally absorbing any legislative expenses. Again, however, consultation with the Arkansas Ethics Commission is advisable with regard to any statutory or regulatory provisions under its jurisdiction.
Question 2 — Similarly, may a candidate for the state legislature legallyand ethically make a campaign promise, if elected, to donate some or allof his expense allowance to charity?
In light of the discussion above, in my opinion the answer to this question is generally "yes." I have found no provision of law that would prohibit the action you describe.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Because it does not appear to be the focus of your question and because it may depend upon federal law, I express no opinion on any tax implications of the suggested action.